■ In the Matter of LEONARD J. HILL, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Determination unanimously confirmed, without costs. (Review of determination of Commissioner of Motor Vehicles suspending petitioner's driver's license for 60 days, transferred by Erie Special Term.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ VIVIAN W. EISENHART, as Administratrix of the Estate of WILLIAM HENRY EISENHART, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 36699.) — Judgment affirmed, with costs. All concur, except WILLIAMS, P. J., who dissents and votes to reverse and to dismiss the complaint in the following memorandum: The State has been held liable for the death of intestate, for failure to place a "stop" sign at the intersection where the accident occurred. I dissent and vote to reverse and dismiss the complaint on the ground that there is no proof of any negligence on the part of the State. (Applebee v. State of New York, 308 N. Y. 502; Hicks v. State of New York, 4 N Y 2d 1.) The plaintiff administratrix, the driver of the car in which the deceased was riding, was thoroughly familiar with the intersection and testified that she had always stopped there on previous occasions. There was no testimony that she did not stop on the night in question. She claimed a retrograde amnesia and loss of memory concerning the facts. The night was clear and the roads were dry. The State was not lacking in diligence. It had its experts consider sight distances and other factors. They determined that no "stop" sign was necessary. It appears that no other accident had ever occurred at that intersection. It is not the duty of the State to guard against the obvious and to place "stop" signs at every intersection where an accident might possibly occur because of negligent driving. If that were done, every intersection would be guarded by "stop" signs. The duty imposed upon the State by the Court of Claims Judge, and by this court in affirming, goes well beyond the duty of ordinary care. (Appeal from judgment of Court of Claims in favor of claimant in a negligence action.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ In the Matter of MARTIN DOKTOR et al., Respondents, v. CLARENCE FULLER et al., Constituting the Board of Appeals of the Town of Pembroke, Appellants.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Erie Special Term, entered in Genesee County annulling a determination of the Board of Appeals of Pembroke approving the continuation of a nonconforming use as a gravel pit.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.